Four cases to be submitted today on oral argument. We'll hear the first two cases and then briefly recess before finishing the docket. We begin with United States v. Fields. Mr. Biggs. Good morning, Your Honor, and may it please the Court. William Biggs, appearing for Cory Dale Fields. The issue in this case is whether the district court can impose an upward variance, rely on facts, specifically, an offense report set out describing prior offenses when a grand jury returned a no bill for those offenses. What do you say a no bill means? A no bill means... In Texas, obviously. In Texas, a no bill means that a grand jury failed to find probable cause. Now, the proceedings of a grand jury are secret, but an indictment that the state presents the grand jury with information, the grand jury can really do it at once. It can return an indictment for the charge. It can return an indictment even only on a misdemeanor. It could do whatever it proves is probable cause. Here, the district court, 15 years later, roughly, there's one from 2001 and one from 2005, even more than 15 years on the earlier offense, is by finding, is subject to a higher standard than the grand jury had to return a true bill, is further removed from the situation, has undoubtedly less information than the grand jury would have had. The grand jury also has the prosecutor's, really, their best shot at all the evidence. They have, they can meet with the grand jury. This defense doesn't have any ability to even go in there. They can present any and all evidence. They have no duty to present exculpatory evidence. The grand jury can issue subpoenas. They can gather any and all kinds of information, and it's reasonable to assume that the grand jury would have had a much broader, much bigger picture of what the circumstances surrounding the offense, and nonetheless, they failed to find probable cause to return an indictment in either of these cases. And the district court, subject to a higher standard, which is why this case is different from the issue of whether a district court can consider acquitted conduct, is in that situation, sentencing, we're going down. The evidentiary standard of proof is going down. Here, it's going up. And the grand jury need not even be, they need not even be unanimous on a decision on whether to return a true bill or a no bill. I think the court has held, of course, that bare arrest records do not cut mustard. They are not adequate alone to rely on. You also said that these aren't arrest records. They are distinguished grand jury materials that companion the charge. Those are not, that's not arrest material. The question is, do they have the indicia of reliability such that they can be relied upon in the PSR? And my question is, under Texas, I thought the law was that the no bill simply means that they did not return an indictment on the specific charge. It's not necessarily a rejection of other possible charges that might have been drawn out of it. Well, Your Honor, there is language in a case that does discuss that, but I believe it is the case that a grand jury can decide what charge it wishes to return, if any. It doesn't even have to be the felony presented. All this is shrouded in secrecy, so we don't really know. But here, the grand jury didn't find a misdemeanor. They didn't find anything. They returned an affirmative no bill. It is true that this Court has held that when an arrest is accompanied by a factual recitation of events, that that Court can, if it believes the information to be reliable, that can be enough to support a violating of the preponderance of the evidence. But the question in this case is whether the additional fact, when the judge is considering, looking at the arrest, looking at the offense report, and then sees this additional fact that this was no billed by the body who has a lower standard of proof, who is much closer to the events, has more information in front of it, that is evidence that casts doubt on the reliability of the offense report, of how it's being described. It should be a red flag for the Court not to consider this information absent more. I think a reasonable rule along these lines is that the Court can't rely on information that's later no billed by a grand jury unless there's information that postdates the no bill, subsequent information, information brought into court that can corroborate the information in the police report. The information in the police report, its reliability is called into question by the grand jury issuing a no bill. Even though we don't know what happened inside that room, I think it's more than reasonable to assume that the grand jury had more information than the district court would have. It could hear from witnesses. It can subpoena. It kind of depends on what we're talking about. In the abstract, we make these statements, but then you look at a particular record, what was before a grand jury, to the extent you have that information, you may have all manner of facts that are developed there, which are not the subject of the grand jury's inquiry. They're there, and by their very nature, the detail of it, et cetera, et cetera, they have the indicia of reliability. Why shouldn't those be used? Well, Your Honor, I believe the fact that the grand jury had more information should underscore why this bare bones recitation should not be considered reliable. If we're going to, I think it's more than reasonable to assume the grand jury had more information than the district court did 15 years later, who just has a paragraph. I think it's certainly reasonable to assume they would have at least that information and likely more information. The prosecutors allowed and authorized to go in to present this case ex parte. They can give any and all information, no duty to present exculpatory information. They can subpoena witnesses. We don't know what went in there, but reasonable to assume it's a sterile investigation. District attorneys not infrequently take cases to the grand jury not to get an indictment, to get a no bill to protect officers, officials, or whomever from civil liability. And Your Honor, there may be cases where that does occur. I mean, but I would point out this isn't exactly an officer shooting. This is injury to a child. We have two arrests alleging that someone was injuring a child. It doesn't seem like the type of case where that may be. We don't know. We don't know one way or the other, but I think it's unfair to just assume that that may very well be what happened, that the prosecutor asked that they decline to, that they return a no bill on the case. And even if they did ask for that, it's up to the grand jury who the court authorizes and instructs them to return an indictment to inquire as to all offenses. I think 2009 talks about inquiring into all offenses for which may be at issue and to act accordingly. And it's not bound by, it's not bound necessarily by what charge is a lesser charge. But a no bill is a loud statement. It's a statement that there is not probable cause here and there are concerns as to this evidence. What those concerns are, we really don't know. But that information, when considered alongside a police report, um, should be a red flag for the court who's got, who's in a limited position to know the circumstances. But that should be a red flag to the court that this information is not sufficiently reliable to, uh, to support a finding. And that, that, that initial threshold issue of whether the information is sufficiently reliable to support its probable accuracy is not met. Let me ask you to discuss the Gibson case. Both of you have referred to it, uh, unpublished non-presidential, presidential opinion, but nonetheless a pretty good articulation of, in two separate opinions of, of the kinds of considerations that perhaps should go into this. It seems to me that this is a better case, uh, than Gibson was for the use of the information in the PSR about the, uh, uncharged or, um, of the no bills. In that, in Gibson there was a fair amount of information to draw into question even whether that individual was the, uh, correct individual, the inability of the victim to, uh, uh, identify him, other, uh, negative information that was available. Here all we have are, are the two descriptions of the offenses, um, alleged offenses, and credit to your client. Um, and what the district judge says is regardless of whether this would constitute implicitly, regardless of whether this would constitute the crime for which an indictment was being sought, I, I believe these events occurred regardless if they showed that particular crime and they are troubling characteristics of the crime. How does the court fit into this, would you say? Well, there's no doubt that Gibson, um, addresses a similar issue, and I'm not running from Gibson. I assume, I submit that Gibson was wrongly decided and for the reasons outlined in Judge Higginson's dissent on that case. Those are, the facts are different in that one is, uh, Gibson's a case where it's clear an offense occurred, but maybe there's a question as to who did it. Here, we know the parties who are involved, but I think it's unclear whether any offense occurred. So, I don't necessarily think this factual distinction is all that important. Um, I think that, I think the case is aligned with, with Gibson in terms of the issue presented, and that the fact that the judge is highlighting that I'm just relying on the conduct, not the offense. I believe Judge Higginson described that as a distinction without a difference, because the judge is basically finding these constituent facts, which would establish injury to a child. Uh, he's saying these facts are true, even if I don't find an offense has been committed. Well, that's effectively the same thing as finding an offense has been committed. I think both the fact of the offense, the fact that a there wasn't any charge returned, not only calls into question whether an offense, a legal offense occurred, but the constituent facts, the elements that make up that offense, or offenses in this case. Um, I suggested in, in briefing, though I don't think it's really necessary to deciding the issue, um, I did suggest that there may be some question as to whether there's some sort of, uh, disciplinary, uh, defense, justification defense. Um, but the bottom line is there's, there's clearly more to it than what the police have outlined at first blush, or we would have true bills, you know, and the fact that there's several, we have multiple offenses where the, um, defendant's wife, uh, is calling the police in connection with handling of her children, both of them involved a disciplinary issue and the grand jury is returning a no bill. And I think that calls into question just what happened, what facts occurred, what facts didn't occur. Um, we don't really know, but it's not our duty to really unearth what did or did not happen. It's the government's duty to corroborate what's presented in the police report with information, uh, whether in court testimony, something that postdates the no bill, because the no bill is, is a statement, should be interpreted as a statement from a grand jury. There is no probable cause here. And it's a statement that we were convened, we have more information, we've investigated this, and we have not found the lower standard of probable cause. And so it's up to the, the government to shore that up, to try to provide some additional information that could help the district court find by preponderance of the evidence that those acts occurred. So Gibson, in response to your question, I believe is, is on point. I think it's, the issue is squarely on point, but that case, as this, I believe that case was wrongly decided, uh, and that this case should similarly be decided along the lines of Judge Higginson's dissent, which is that the first determination is whether this information is sufficiently reliable to support its probable accuracy, even though it's only two words, they're powerful words and those should be enough, absent more information for the court not to find by dissent. May it please the court, Amber Grand for the United States. The appellant's position in this case is contradicted by both this court's case law and the completely unrefuted record in this case. The court has already decided the issue before it today in Gibson, and this case is a more clear-cut decision than in Gibson because here the district court looked at the presumptively reliable factual recitation in the PSR and it decided that based on those facts, fields had in fact engaged in that conduct. What was missing here that was present in Gibson were what the dissent called the exculpatory facts, the failure of the victim in that case to identify the alleged kidnapper who she had seen face-to-face in a photo lineup. We don't have any facts like that in this record that would somehow call into question the factual recitation that's in the PSR. So what concerns me the most about this uncharged conduct, and correct me if I have the facts wrong, is that both incidents there was one witness, the child would be another witness, but there was a principal witness was the wife, ex-wife now perhaps, I don't know. Girlfriend at the time, now the wife. And so what that relationship was, what role that might have had in the ground jury is no bill. We have no idea, but we have this kind of dynamic that police run into all the time and who to believe and what actually happened is hard to figure out. So this is a, in a way, a more difficult case it seems to me than Gibson. We don't have the exculpatory information, but we do have the kind of suspicious situation that makes one wonder what really happened and who was telling the truth. How do we factor that in? There are a number of factors in the factual recitation that support its reliability, and one is an objective factor, the presence of physical injuries, particularly in the second case, that the police officer was able to observe firsthand that corroborated the detailed timeline of events that was provided. And in fact there were two witnesses, a minimum of two witnesses in each of these cases, the victims themselves and their mother. At no time before sentencing, at sentencing, through this appeal, has Fields ever claimed that those facts were inaccurate in some way. He fled the scene on both occasions, would have had an opportunity to give his version of events, and to this day has not disputed that the conduct occurred as it was described. So we have the three hallmarks of reliability that Judge Higginson described in his dissent. We have... Let me ask you about that one comment to make. How do we know he is not denied? All we have is the PSR, don't we? That's correct. We do have the record. Was he ever asked if you know of what really happened? I don't have affirmative evidence that he was asked, but in contrast to this court's decision in Gibson, Gibson affirmatively objected before sentencing the consideration of that conduct and said, I wasn't involved in that incident, and then persisted in that objection through sentencing, and it was still appropriate for the district court to exercise its discretion to look at the objective evidence on the record and to attribute more credibility to those facts than the blanket objection by the defendant without any evidence to the contrary. So here we have a detailed timeline of events in both cases. You have the officer's firsthand observation of the injuries that resulted from those events, and you don't have any denial at any point in time of those facts. Instead, all you have is a grand jury no bill, and as the court explained in Gibson, a no bill is a charging decision, or rather a decision not to charge with that particular offense, and the court specifically held that it is not a judgment as to whether unlawful conduct occurred. It's not an affirmative fact of any kind. It's a charging decision, and as a result, the district court's factual finding is easily reconciled with a decision to no bill because they're separate and distinct inquiries, and the court's precedent makes clear that its case law takes two tracks. When it's looking at offenses that resulted in final adjudication, criminal conviction, you get your assignment of criminal history points, and a lot of times you don't even have a description of that conduct, but it's taken into account in the criminal history for other criminal conduct that for one reason or another did not result in a conviction. The court's lens shifts, and it looks only at that factual description and not at the ultimate disposition of that conduct. What is your best case, precedential case? Harris. United States v. Harris would be the best case because there you had five unadjudicated arrests, two or three of which resulted in charges not being pursued because the victims didn't want to pursue them, but the court observed that you had detailed factual accounts underscoring those arrests, and just like this case, you had no rebuttal of that evidence by the defendant. The burden was fulfilled by the government and not shifted by the defendant, and as a result, it was proper for the district court and its discretion at sentencing to take that into account as a sentencing factor. United States v. Fuentes is helpful. It goes into the presumptive reliability of a police report when it's unrebutted, and then the remainder of the court's case law is unpublished at this point, but Harris and Fuentes are on point with regards to the district court's discretion to look at the PSR when it's supported by presumptively reliable offense reports and to decide that the defendant engaged in that conduct regardless of the ultimate legal disposition of that conduct. Fields is correct. We have no idea what went into the no bill. Those proceedings have no preclusive effect. There was a no bill in this case, but the prosecutor could have taken the same evidence, different evidence, and brought it before the same grand jury or a different grand jury. Those proceedings are confidential. As he pointed out, you could have had an affirmative defense that came into play. In cases involving domestic violence, you oftentimes have victims that are unwilling to testify against the accused. And in this case, the Michelle Blackedge eventually married the defendant, so we don't know if she was unwilling or unable to testify against him during the grand jury proceedings. And it can also pertain to a legal defect in the charge that is being pursued. Injury to a child has several components. There's a mens re component to the defendant. There's a definition of bodily injury that has to be met. Any one of those legal technicalities could come into play when the grand jury is deciding, which in Texas can be as few as four of the 12 members of the grand jury can lead to a no bill. You can have a minority vote of the grand jury that will result in a no bill. And all of those factors play into why this court has found that a no bill is an evidence of anything. It's a charging decision. That decision is in line with this court's precedent dating all the way back to the Supreme Court precedent in Watts, where they explained in the context of an acquittal that an acquittal is not an affirmative fact. That's not a judgment on the facts, because we don't know what the jury considered. We don't get jury findings of facts. In United States v. American Salazar, this court took that holding and said an acquittal is not rebuttal evidence. You don't get to put in an acquittal as though it rebutts a finding of fact. It extended that holding in United States v. Tovar and said the prosecutor's decision not to charge isn't evidence that you failed to engage in illegal conduct. And then carried that through to Gibson, where it said a no bill is not a judgment that you did not engage in criminal conduct. It's a charging decision. And in accordance with Rachel v. State of Texas, it amounts to nothing more than a reflection of whatever evidence we don't know was presented to that particular court. But Rachel, in 1996, the Texas Court of Criminal Appeals allowed the evidence to come in in a capital murder case, a death case, in the punishment phase, where there had been a no bill. And the defendant argued, well, wait a minute, that was the charge, but it was no bill, and I had a self-defense. I said, no matter. Of course, that's the Texas Court of Criminal Appeals reviewing in the context of a capital case, which is always, can they come back to us through a constitutional land-use? And what do you make of that and their treatment of it? Certainly. And it has been, that precedent has been adopted in later cases. The most recent that the government cited to the court was a lower court of appeals decision where it was just the sentencing phase of trial. And the court there likewise said that a no bill isn't rebuttal evidence. It doesn't come in to rebut the sentencing facts, because it's not evidence of anything. And so even outside of the capital context, the exact same rule of law has been and then cited the standard from Rachel. So there wasn't even a disagreement in the dissent in Gibson that that's the rule of law that we're working with here. And I would emphasize that even if this court follows the dissent in Gibson, this case should still be affirmed. The dissent was focused on what it called powerful exculpatory statements on the face of the PSR pertaining to the photo lineup. Rachel says that, of course, but what we're dealing here with is ultimately our basic rules that require the reliability, the credibility in the PSR. And in other words, they have to have indicia of reliability before it can be in there. Now, that's our federal rule. That's not the rule in Texas. So what I'm suggesting to you is that, yes, there's been some expansive use of these things and whatever, whatever may be the reliability, then that's Rachel. But our focus is strictly on the indicia of reliability. And what I want to see is or hear from you is an articulation of exactly what those indicia would be. And when we write this opinion and try to give some guidance in this matter, what what ought we to be listing? What should we be looking for? Yes, Your Honor. And the trial judges look for. Sure. And I do believe Judge Higginson touched on that when he said the hallmarks of reliability. Yes, Your Honor. But detail, consistency and corroboration. Do you agree with the dissent? I believe that even under dissent, this case is affirmed. I agree with the majority opinion. Let me rephrase that. You're embracing the dissent not as far as the forward looking rules that we ought to follow? No, Your Honor. And it appears that the dissent disagreed with the judgment call made by the district court, that it looked at that exculpatory evidence and thought that that was weighty enough for the district court to need to make additional fact findings. But it is helpful to look at the most critical member of that panel, what he believes the hallmarks of reliability are. And each of those hallmarks is met here. We have a detailed timeline of events for both offenses. We have two firsthand accounts from both instances. We have physical injuries that corroborate that timeline of events. We have corroboration among not only those two, but a third reported assault the year prior in 2004. So each of those hallmarks is met in this case. And when those hallmarks are met, when you have the district court looking at that factual recitation and deciding that it's detailed enough, there's no ambiguity on the face of the record. And I'll give you an example. In the record, the court looked at one of the prior convictions in this case, and it was evading law enforcement in a motor vehicle. And the defendant feels it started out in one car, fled from the police, abandoned that car, and was later found in a second vehicle. And the PSR said, in the vehicle, we found all of this drug paraphernalia. And the district court said, that's ambiguous. I can't tell which vehicle that's talking about, so I'm not going to take that into consideration at sentencing. So this wasn't a rote adoption of a bare minimum of facts here. In fact, the district court walked through the injury to a child instances, made those findings, and then stopped and said, we have eight or nine other offenses, arrests that were not adjudicated, did not result in convictions, but I don't find that I have enough detail or enough facts to find that he engaged in that conduct, so I'm not going to. We have a careful delineation in this case between sufficiently reliable facts, and that's in the record of page 107, and then we have the district court stopping to say, I don't have enough for the rest of these, so I'm not going to consider them. And when you see the district court exercising its discretion in that way, and making a careful determination that certain facts had enough support and others did not, that's a clear indicator that the court had enough to base that finding on. And the majority in Gibson explained that a finding that the defendant engaged in that conduct is in no way inconsistent with a no bill, because they're separate inquiries. One is a legal proceeding on particular charges that could be based on a number of things, and the other is just finding something pertaining to the defendant's is exactly what 18 U.S.C. 3661, Guideline 1B.1.4, all of those statutes mandate that the district court take those facts into consideration when rendering what it considers to be an appropriate sentence. The court has applied that in situations similar to the no bill, starting with Harris, where you have the charges that were not pursued, moving to Fuentes, where the defendant pled to consider the original facts, the facts from the original charges, moving to Liddell, Tovar, Quintanar, and Alba Morales. Each of those cases were unadjudicated, so it's either no charges filed or charges filed and dismissed. Which of the federal district judge advised the defendant that he is going to rely upon such information? Is it enough that it's just in the PSR? Any descriptions in the PSR? If that description is sufficiently detailed, and particularly in a case like this where it's supported by an offense report, which this court has held as a presumption of reliability, then yes, that is enough. If it's detailed and supported by a police report, and there's no rebuttal, there's no contrary evidence, this isn't a case where the record says charges were dropped after it was determined the defendant was out of state when it happened. Or it's unclear who pushed who. So we don't know, you know, the charges were dropped because it's unclear who was responsible for the assault in question. There's nothing on the face of this record to cause the district court to question it, and the most important thing here is the defendant didn't even try. There's no objection, there's no offer of testimony, there's no, at no point in time did fields dispute that those facts were accurate. The only argument ever made is that resulted in a no bill, so you shouldn't consider it. And this court has already held that that's not enough. Where you have a sufficiently reliable record, the district court is entitled to adopt that. It's entitled to look at the offense reports, and the burden fairly shifts to the defendant at that point to say, I didn't do that. I didn't engage in that conduct. That wasn't me. He didn't do that here. And as a result, the district court's determination was entirely plausible. Because the PSR had a presumption of reliability that was unrebutted by the defendant, and because a no bill amounts to nothing more than a charging decision, this court would ask that the sentence be affirmed in all respects. I'm sorry, the government. Thank you. Thank you, Ms. Grand, for rebuttal. Mr. Biggs. Thank you, Your Honor. On the issue about when it's appropriate to object to this information, I would point out that cases like where there's an arrest report, a bare arrest record, we know the court can't rely on that when imposing an upward variance or upward departure. It's still in the pre-sentence report. It's not necessary to object. I mean, what is the defense really accomplishing by objecting to those? The court can't consider those. They can't rely on those in going above the guidelines. The only request we could really make is that it be deleted from the pre-sentence report, which is not going to happen. I've never seen that ever happen. Even though the law is clear that the court can't rely on it, it's still in there. And so in this case, it's not clear to the defense that the court's going to rely on these offenses. The court issues a tentative order just a few days before sentencing saying, oh, I looked at this criminal history, and that gives, you know, based on this criminal history, I think a sentence above the guidelines may be appropriate. And then we go back, go through the criminal history, you see there's two offenses that are no-build, and then counsel, myself, objected that the court shouldn't be considering that information because it's not sufficiently reliable. And it's easy, I mean, this happens all the time, it's easy for the government to say, oh, the defense never did anything, they never got up, if that had occurred. If Mr. Fields had gotten on the stand and said none of this happened, then it's his word against the pre-sentence report, they don't even need to bring any information in, and the court can find against him, and then that's a five-point swing. Then it's no acceptance, then it's obstruction. So the defense is, I mean, the defendant's in an almost impossible situation to be coming up with affirmative evidence to discredit these out-of-court statements that find their way into a police report. Let's go ahead and ask the question about the notice issue. We normally, we've long considered that the PSR is the critical document in the sentencing process, and the lawyers know that, and so that's where you go right to that, and you're all over that pre-sentence report. And I've never seen any of the defense lawyers that were hesitant to object when they thought something was improper in it. So what's the failure in the notice? I think you have a vital need for notice to the defense counsel that this is going to happen, but my suggestion to you is, why isn't it enough that it's in the PSR? Because, Your Honor, the fact is, is that the pre-sentence report recounts that he was arrested for this offense, just like a bare arrest record. It recounts that there's a police report that says this, this, and this, and it also recounts that this was no bill. So those facts can all be true such that the defense need not object to it, even if the defense wouldn't want the court to rely on that, to hold that against him. So, I mean, it is true that the police report says X, Y, and Z, and there is a no bill. I mean, those facts are true. So I don't, it's hard to know what would be the basis for the objection, that it should be deleted? Because none of the arrest record, even the bare arrest report, is never deleted from the pre-sentence report. But Your Honor shouldn't consider it because it's not reliable, and the burden is on the government to demonstrate that that's reliable. Well, Your Honor, see, that would suggest that any time the bare arrest record's in the report, we should be objecting every time that the judge shouldn't consider it. If you don't want the judge to consider something in the PSR, you better be on your feet. I mean, I'm sorry. I don't get, I don't, I've not, I've just not encountered timid defense lawyers, and our public defenders certainly are not timid, I think. So it must be, I don't see any difficulty in that. I'm missing something here. Well, Your Honor, the question is whether the judge can premise an upward variance based on this conduct, and not whether it's true that there was an arrest for this offense and that a police report says X, Y, and Z. Those statements are true. That grand jury returned a no bill. That statement is true. What are, I mean, the defense is kind of in a tough position just basically objecting, saying the court should not consider any of this, but what's the remedy? Just that he'd not consider it. The court's on notice about that issue when the objection's made, when he's indicating he's going to consider it as a basis for an upward variance. I mean, the remedy is not that it's going to get deleted from the pre-sentence report. So that would be my response, is that it's making, it's objecting with no real remedy because it's not like the judge is just going to delete it from the pre-sentence report. All right. Thank you, Mr. Biggs. Your case is under submission. We notice that your court appointed, and we appreciate your willingness to take the appointment, and for your good work on behalf of your client.